|                                                    |                        |
| -------------------------------------------------- | ---------------------- |
| UNITED STATES DISTRICT COURT                                                |
| DISTRICT OF PUERTO RICO                                                     |
| JOSE A. NUÑEZ, et al.,                             |                        |
| Plaintiffs,                                        | Civil No. 07-1337 (JAF) |
| v.                                                 |                        |
| INTERV MEDICAL DEVICE TECHNOLOGY, INC., et al.,    |                        |
| Defendants.                                        |                        |

**OPINION AND ORDER**

Defendant Interv Medical Device Technology ("MDT") brings this motion for attorney's fees against Plaintiffs José A. Núñez, María A. Sepúlveda, and the economic partnership Núñez-Sepúlveda. Docket Document Nos. 31, 32. The motion is unopposed.

Unless otherwise indicated, we derive the following factual summary from the parties' filings. Docket Document Nos. 1, 12, 18, 23, 25, 26, 28, 31.

On April 20, 2007, Plaintiffs filed this action against Defendant in federal district court, alleging breach of contract and requesting damages and injunctive relief. Docket Document No. 1. At a hearing on April 30, 2007, we denied Plaintiffs' claims for injunctive relief and set forth a discovery schedule as to Plaintiffs' remaining claims. Docket Document No. 11.

Civil No. 07-1337 (JAF)                                                -2-

On June 20, 2007, Núñez and MDT filed a joint motion for an extension of time to complete discovery. Docket Document No. 18. We granted this motion on June 28, 2007. Docket Document No. 21.

On August 1, 2007, MDT moved for an order compelling discovery. Docket Document No. 23. MDT claimed that Plaintiffs had not responded to MDT's interrogatories and requests for production of documents, and that Plaintiffs had not turned over certain mandatory initial disclosures. Id. We granted the motion to compel discovery on August 9, 2007, requiring Plaintiffs to file the requested discovery by August 16, 2007. Docket Document No. 24.

On August 16, 2007, Plaintiffs served MDT with an "Answer to Interrogatory and Production of Documents" that contained several unidentified documents and the answers to certain questions. On the same day, MDT called Plaintiffs to complain about deficiencies in the disclosures. On August 21, 2007, the parties held a conference call to discuss the discovery deficiencies. MDT complained that Plaintiffs had not responded in writing to the request for production of documents; that the documents Plaintiffs turned over did not identify which responded to which interrogatory; and that Plaintiffs had not disclosed their expert witnesses within ninety days of the trial date, as required by Rule 26(a)(2)(c) of the Federal Rules of Civil Procedure. Plaintiffs requested a two-day extension of time to cure some of these deficiencies, which MDT granted.

On August 23, 2007, Plaintiffs served MDT with an answer to the request for the production of documents. As part of this answer, Plaintiffs requested a ten-day extension to produce certain documents that they claimed they did not then possess.

On August 29, 2007, MDT moved for sanctions against Plaintiffs. Docket Document No. 25. MDT argued that Plaintiffs had produced only incomplete responses to some items in the request for production of documents, and that Plaintiffs requested an extension with respect to other documents. Id. MDT further noted that Plaintiffs still had not disclosed the identity of their expert witness. Id.

On September 11, 2007, Plaintiffs responded. Docket Document No. 26. Plaintiffs claimed that for the most part, their answers were complete, and to the extent that they were not complete, it was due to the fact that Plaintiffs, owners of a struggling small business, did not have ready access to certain documents. Id. Plaintiffs requested a five-day extension to comply with the request for certain documents. Id. Plaintiffs further claimed that they had not disclosed the identity of their expert witness because they were financially unable to retain one at the time. Id. Plaintiffs therefore requested an extension of time during which to obtain an expert. Id.

On September 21, 2007, MDT sur-replied. Docket Document No. 28. On September 24, 2007, we granted MDT's motion for sanctions, and

Civil No. 07-1337 (JAF)                                              -4-

dismissed Plaintiffs' complaint because of Plaintiffs' failure to comply with discovery obligations. Docket Document Nos. 29, 30.

On October 25, 2007, MDT moved for attorney's fees and costs under Rules 44.3(b) and 44.1(d) of the Puerto Rico Rules of Civil Procedure. Docket Document No. 31. Plaintiffs have not responded.

Rule 44.1 of the Puerto Rico Rules of Civil Procedure provides that:

> In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct.

32 L.P.R.A. App. III, R. 44.1(d). Federal courts apply Rule 44.1(d) where Puerto Rico law supplies the basis for decision in a diversity case. Grajales-Romero v. Am. Airlines, Inc., 194 F.3d 288, 301 (1st Cir. 1999).

Obstinacy is the lynchpin of the 44.1(d) inquiry. Dopp v. Pritzker, 38 F.3d 1239, 1252 (1st Cir. 1994). A litigant may be found obstinate if he was "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." Dopp, 38 F.3d at 1253. The fact that a party's claim failed does not mean that that party must also pay the opposing party's attorney's fees. Id. at 1254; Reyes v. Banco Santander de P.R., 583 F.Supp. 1444, 1446 (D.P.R. 1984). "Obstinacy is to be judged in light of the overall circumstances of

the particular case." Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 31 (1st Cir. 2002); see also Dopp, 38 F.3d at 1253 (finding that a court should look at the case's specific "personality" when evaluating obstinacy). The degree of the party's obstinacy is the most important factor in determining whether attorney's fees are warranted; other factors include the nature of the litigation, the difficulty of issues involved, and the efforts and abilities of the attorneys. Correa, 298 F.3d at 31.

In this case, we do not find that Plaintiffs acted obstinately. Although we dismissed Plaintiffs' complaint for failure to comply with discovery obligations, Docket Document No. 30, Defendant has not demonstrated that Plaintiffs were "unreasonably adamant or stubbornly litigious." See Dopp, 38 F.3d at 1253. Defendants have presented no evidence that Plaintiffs acted in bad faith or with intent to delay or prolong the proceedings. Rather, the evidence shows only that Plaintiffs were ill-equipped to enter into the litigation that they pursued. See Docket Document No. 26 (explaining that Plaintiffs' failure to comply with discovery obligations resulted from Plaintiffs' financial struggles). Because we do not find that Plaintiffs were obstinate, Defendants are not entitled to attorney's fees and costs.

For the reasons stated herein, we **DENY** Defendant's motion for attorney's fees, Docket Document No. 31.

Civil No. 07-1337 (JAF)                                              -6-

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of December, 2007.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge